IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

HAROLD J. FRENCH,

                Plaintiff,

    v.

SHERIFF DANIEL STATON, DR.
ERSSON, BROOKLEY HOLTER,
INVERNESS JAIL NURSING STAFF,
CORRECTIONS HEALTH,

                Defendants.

Civ. No. 11-375-AC

OPINION AND ORDER

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff Harold J. French ("French") asserts claim against Defendants Sheriff Daniel Staton ("Staton"), Dr. Ersson, Brookley Holter ("Holter"), the Inverness Jail Nursing Staff ("the Nursing Staff"), and Corrections Health for violation of his rights under the Eighth Amendment to the United

OPINION AND ORDER                                    1                                    {KPR}

States Constitution. This claim is premised on the defendants' alleged deliberate indifference to his serious medical need in failing to provide French with medication adequate to treat his ankle pain. Defendants Staton, Dr. Ersson, and Holter (hereinafter "Defendants") move for summary judgment on the ground that there are no specific allegations of wrongdoing, let alone allegations giving rise to a constitutional violation. Defendants contend that French's care was medically appropriate and within the applicable standard of care.

*Factual Background*

French was booked into Multnomah County Detention Center on July 2, 2010. He was injured at the time, and received ibuprofen and ice for his injuries. Two days later, French saw Dr. Marks, and was prescribed a five-day course of Vicodin, a pain medication, and given a support cuff for his ankle. On July 9, 2010, he was discharged from the clinic with a wheelchair, special shoes, and a cane. He also received a prescription for a decreased dose of Vicodin. On July 19, 2010, he was transferred to Multnomah County Inverness Jail ("Inverness").

On July 23, 2010, French was again evaluated by Dr. Ersson, and complained of chronic lower leg pain. Dr. Ersson ordered an x-ray of French's leg. The x-ray was reviewed by Holter and, although it did not show signs of infection, a bone scan was ordered. Dr. Ersson evaluated the bone scan and concluded "that the bone scan had made a diagnosis of osteomyelitis (bone infection) or hardware failure unlikely." (Ersson Declaration ("Decl.") ¶ 11.) French then met with Holter, who did not review the bone scan, but nonetheless "recommended continuation of vicodin and elective removal of the hardware in Mr. French's left ankle." *Id.* at ¶ 12. Dr. Ersson disagreed with Holter's recommendation that French undergo the procedure to remove hardware because elective procedures are not authorized under corrections policy.

French did not receive the Vicodin ordered by Holter on August 18, 2010. Ersson instead started French on ibuprofen because, in his words, "there was no change in his chronic ankle condition and [French] had been on no chronic pain medication outside jail." (Ersson Decl. ¶ 14.) French inquired as to why he did not receive the medication and was informed of Dr. Ersson's reasoning.

French continued to complain about ongoing pain and was finally prescribed Vicodin for the period from August 31, 2010, through his release in October 2010.

*Legal Standard*

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (2011). Summary judgment is not proper if material factual issues exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id*. at 324. A nonmoving party cannot defeat summary judgment by relying on the allegations in the complaint, or with unsupported conjecture or conclusory statements. *Hernandez v. Spacelabs Medical, Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). Thus, summary judgment should be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The court must view the evidence in the light most favorable to the nonmoving party. *Bell*

*v. Cameron Meadows Land Co.*, 669 F.2d 1278, 1284 (9th Cir. 1982).  All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party.  *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir. 1976).  However, deference to the nonmoving party has limits.  The nonmoving party must set forth "specific facts showing a *genuine* issue for trial."  FED. R. CIV. P. 56(e) (2008) (emphasis added).  The "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  Therefore, where "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

*Discussion*

"An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met."  *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  Therefore, the government has an obligation to provide medical care for those it incarcerates.  The standard for finding that medical care is insufficient and, thus, violates the Eighth Amendment is "deliberate indifference."  *Id*. at 104-105.  This standard applies:

> whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under *§ 1983*.

*Id.*  The court should consider both the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  The defendant's conduct is evaluated under a subjective standard that "focuses only on what a defendant's mental attitude actually was." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal citations and quotation marks omitted).  "If a prison

official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." *Id.*

The deliberate indifference that a prison inmate must demonstrate to be in violation of the Eighth Amendment is greater than the standard for ordinary medical negligence. *See Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). The prisoner must also show something more than a mere difference of medical opinion. "To prevail under these principles, [the prisoner] must show that the course of treatment the doctors chose was medically unacceptable under the circumstances," and that this course was pursued "in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted). Furthermore, the prison official must commit a purposeful and affirmative act. *See King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1978) ("State officials are not subject to suit under *section 1983* unless they play an affirmative part in the alleged deprivation of constitutional rights."). The prison official's conduct must also give rise to harm, although the harm need not be substantial. *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

French alleges that Defendants were deliberately indifferent to his serious medical need in failing to furnish prescribed pain medication, resulting in his pain and suffering for the intervening twenty-eight days. Defendants respond that French cannot establish a triable issue of fact that medical staff at Inverness knew and disregarded an excessive risk to his safety. Rather, they contend French's complaint merely demonstrates that there was a difference of opinion as to the proper pain medication. Defendants argue, further, that the level of consistently responsive medical care French

received shows that he was not deprived of adequate medical care in violation of the Eighth Amendment. French responds that his claim is based both on Ersson's failure to provide the Vicodin as ordered by Holter and his refusal to perform the hardware removal recommended by Holter.

I.      Medication

French contends that he should have continued to receive Vicodin to treat his pain, as the ibuprofen he did receive was inadequate. He argues that Dr. Ersson wrongfully disregarded Holter's recommendation that French remain on Vicodin. Dr. Ersson explains that he did not continue French on Vicodin because he French's ankle pain was chronic and French was not taking Vicodin prior to his incarceration.

It is well-established that a difference of medical opinion generally cannot support a claim for deliberate indifference to serious medical needs. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) ("A difference of opinion does not amount to a deliberate indifference to [an inmate's] serious medical needs." (citations omitted)). "To establish that a difference of medical opinion over appropriate medical treatment amounted to deliberate indifference, the prisoner 'must show that the course of treatment the doctors chose was medically unacceptable under the circumstances' and 'that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health.'" *Lara-Cazares v. Dept. of Corrections*, NO. C08-4395-TEH, 2010 U.S. Dist. LEXIS 140599, *17-18 (D. Nov. 9, 2010) (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996), *cert. denied*, 519 U.S. 1029 (citations omitted) (1996)).

In *Tran v. Haar*, NO. CV 10-07740 CJC (SS), 2012 U.S. Dist. LEXIS 2197 (C.D. Cal. Jan. 9, 2012), the court addressed a similar claim. The plaintiff alleged that the prison doctor was deliberately indifferent to his medical needs when he prescribed an ineffective pain medication,

rather than an effective one, following the inmate's hernia operation. *Id*. at *8. The court wrote:

> Plaintiff's allegations concerning Defendants' refusal to prescribe stronger, "effective medication," to manage his pain fail to state a claim for deliberate indifference. As this Court has repeatedly explained, a plaintiff must allege that the defendant purposefully ignored or failed to respond to a prisoner's pain or possible medical needs in order for deliberate indifference to be established. There must be a conscious disregard of a serious risk of harm for deliberate indifference to exist.

*Id.* at *9-10 (internal citations and quotation marks omitted). The court explained that the plaintiff was not refused pain medication, but was given medicine the doctor believed was appropriate to treat his condition. As such, the court concluded that the plaintiff's allegations "reflect[ed] merely a difference of opinion between Plaintiff and Defendants as to the proper medication necessary to relieve Plaintiff's pain." *Id.* at *10.

The situation in this case is only different because there was also a difference of opinion between medical providers. French was already injured when his period of incarceration commenced. He was initially given ibuprofen for the pain, but was later prescribed a short course of Vicodin, and then prescribed a course of Vicodin at a decreased dose. He was transferred to Inverness, where he saw Holter, a physician's assistant, and Dr. Ersson. Holter recommended that French receive Vicodin, but Ersson disagreed and put French back on ibuprofen. He reasoned that the Vicodin was unnecessary as French was not medicated prior to his incarceration. Although this opinion is at odds with Holter's recommendation and French's own opinion, it does not present a triable issue of fact as to whether there was deliberate indifference to French's serious medical need.

II.     Surgical Procedure

In his complaint, French does not allege an Eighth Amendment violation based on being refused a surgical procedure. French only mentions the surgical procedure in his fact statement

wherein he notes that Holter said that he "needed to have a screw removed from the heel of [his] foot[,]" and that she ordered Vicodin and told him she would see him "post-op." (Complaint 4.) The balance of the complaint focuses on the delay in receiving Vicodin, and at no point alleges an injury or seeks redress based on denial of the procedure. He does argue this point in his briefs in response to this motion but this issue was not pleaded and, therefore, is not properly before the court.

However, even if it were properly pleaded, this claim would not survive the motion for summary judgment. First, as above, a difference of medical opinion cannot give rise to a Eighth Amendment violation for deliberate indifference to a serious medical need. Although Holter recommended "elective removal of the hardware in Mr. French's left ankle[,]" Ersson concluded that the procedure was elective and could be postponed until French was released from jail. This represents a mere difference of medical opinion and, as such, does not create a genuine issue of material fact that Defendants were deliberately indifferent to French's serious medical need.

## *Conclusion*

For the reasons stated, Defendants' motion for summary judgment (#34) is GRANTED.

DATED this 13th day of March, 2012.

                                              /s/ John V. Acosta
                                              JOHN V. ACOSTA
                                   United States Magistrate Judge