IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HAROLD J. FRENCH,                                    Civ. No. 3:11-cv-375-AC

                Plaintiff,                         ORDER OF
                                                                    DISMISSAL
   v.

SHERIFF DANIEL STATON, DR.
ERSSON, BROOKLEY HOLTER,
INVERNESS JAIL NURSING STAFF,
CORRECTIONS HEALTH,

                Defendants.

ACOSTA, Magistrate Judge:

       The court dismissed all claims of plaintiff Harold J. French ("French") in its Opinion and Order (#45) issued on March 13, 2012, as to defendants Sheriff Daniel Staton, Dr. Ersson, and Brookley Holter. In the complaint, French also named two additional defendants, Inverness Jail Nursing Staff and Corrections Health, neither of which were parties to the previous motion.

       Where a prisoner files an action seeking redress from a governmental entity or officer or employee of a governmental entity, the court shall dismiss the case at any time if the court

determines that the action is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2) (2011). The code separately provides that where "any person" is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal is (i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(1), (2)(B)(i)-(iii) (2011). Accordingly, this court may sua sponte dismiss claims asserted by French to the extent that they cannot plausibly be remedied.

"Liability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citing *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979)). Local governmental units or municipalities, including counties, can be sued as "persons" under section 1983 when an official policy results in a constitutional violation. *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995) (citing *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 690 (1978)). Municipalities and other local governing bodies may be liable under any of three theories: (1) if an employee was acting pursuant to an expressly adopted official policy; (2) if an employee was acting pursuant to a longstanding practice or custom; or (3) if an employee was acting as a final policymaker. *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004). First, with respect to personal liablity, French's allegations against "Inverness Jail Nursing Staff" and "Corrections Health" are insufficiently specific to state a claim against a particular defendant in his or her personal capacity as they fail to identify an individual who personally participated in French's alleged injury. Second, with respect to municipal liability, French's complaint also fail to state a claim against "Inverness Jail Nursing Staff" or "Corrections Health" as it does not allege an official policy or custom giving rise to French's alleged injury. In light of French's failure to state a claim against the

remaining defendants, the court may sua sponte dismiss these claims.

The court is mindful of the general duty to provide pro se litigants a description of the deficiencies of a pleading as well as an opportunity to file an amended pleading curing those deficiencies. Here, however, in light of the court's prior Opinion and Order finding no constitutional violation, the court finds French cannot cure the deficiencies of his claims against Defendants Inverness Jail Staff and Corrections Health and therefore dismissal is with prejudice. *Lopez v. Smith*, 203 F.3d 1122, 1130-1131 (9th Cir. 2000).

Accordingly, French's claims are DISMISSED with prejudice as to "Inverness Jail Nursing Staff" and "Corrections Health" for failure to state a claim.

IT IS SO ORDERED.

DATED this 15th day of May, 2012.

JOHN V. ACOSTA
United States Magistrate Judge